**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**Annie M. Hester,**

        **Plaintiff,**        **Civil Action No. 11-11781**

    **vs.**                       **District Judge Sean F. Cox**

**Commissioner of**        **Magistrate Judge Mona K. Majzoub**
**Social Security,**

        **Defendant.**
_____/

## Report and Recommendation

Before the Court is Defendant the Commissioner of Social Security's motion to dismiss Plaintiff Annie M. Hester's complaint seeking judicial review of Defendant's denial of social security benefits pursuant to 42 U.S.C. § 405(g). (Dkt. 11.) Defendant requests dismissal based on the doctrine of res judicata, the fact that Plaintiff has failed to file suit within sixty days of any final decision of the Commissioner of Social Security, and/or Plaintiff has filed suit in violation of a pre-filing order issued by Judge Ludington, in this district, in September, 2009. (Def.'s Mot. to Dismiss.)

The Court has been referred this motion for a report and recommendation pursuant 28 U.S.C. § 636(b)(1)(B). (Dkt. 4.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation.[1]

For the reasons that follow, the Court recommends that Defendant's motion to dismiss be

---

[1] The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

granted and this case be dismissed.

On September 2, 2009 Judge Ludington issued an order on the third of Plaintiff's three previously filed suits in this district. (Pl.'s 2d Resp. to Def.'s Mot. to Dismiss.) In that order, Judge Ludington adopted a report and recommendation dismissing Plaintiff's case. (*Id.*) Also in that order, Judge Ludington "**BARRED** [Plaintiff] from filing any further actions against the Commissioner of Social Security in this district unless she obtains the written permission of a judge in this district." (*Id.*) (emphasis in original.) Judge Ludington additionally order the Clerk of the Court to "retain a copy of [the September 2, 2009 order] and attach it to the file of any subsequent action filed by Plaintiff against the Commission of Social Security." (*Id.*)

Plaintiff's complaint falls squarely within Judge Ludington's order and is in violation of that order. Judge Ludington prohibited Plaintiff from filing "any further actions against the Commissioner of Social Security . . . unless she obtains the written permission of a judge of this district." This suit is against the Commissioner and Plaintiff has not obtained written permission.[2] Plaintiff is therefore prohibited from sustaining this action.

The Court therefore recommends that Defendant's motion to dismiss be granted and this case be dismissed. In line with Defendant's request, the Court also recommends that Plaintiff be ordered to include a reference to the September 2, 2009 pre-filing order on the first page of any future complaint she files against the Commissioner. The Court further recommends that the Clerk of the Court be directed not to file any complaint against the Commissioner that has not been approved in

---

[2]The Court recognizes that it granted Plaintiff's motion to proceed in forma pauperis. (Dkt. 6.) The Court granted that motion before Judge Ludington's order was presented to the Court. The Court therefore finds that Plaintiff has not received written permission to file suit from a judge in this district.

2

accordance with the September 2, 2009 order.  If Plaintiff files a complaint, the Court recommends that the Clerk be directed to dismiss the complaint upon discovery of the violation, by letter from the Commissioner.

**Notice to Parties Regarding Objections**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  June 13, 2012                                s/ Mona K. Majzoub                              
                                                             MONA K. MAJZOUB
                                                             UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

    I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date and on Annie M. Hester, by U.S. First Class Mail, on this date.

Dated:  June 13, 2012                      s/ Lisa C. Bartlett
                                                      Case Manager